# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-299V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JOSHUA HOWARD, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: July 18, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew M. Krueger*, Krueger & Hernandez S.C., Middleton, WI, for Petitioner.

*Heather L. Pearlman*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On March 7, 2016, Joshua Howard filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of his October 30, 2014, receipt of the influenza vaccine.[2] The parties eventually filed a stipulation for damages on July 17, 2017 (ECF No. 35), which I adopted as my decision awarding damages on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

the same day. ECF No. 36.

Petitioner previously filed a motion requesting final attorney's fees and costs, dated June 6, 2017. *See* ECF No. 29 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $12,840.61 ($12,437.20 in attorney's fees, plus $403.41 in costs). Fees App. at 4. Respondent filed a document reacting to the fees request on June 12, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 30. Shortly thereafter, Petitioner filed a reply brief reiterating the arguments he made in support of awarding attorney's fees and costs in this case. ECF No. 31.

As a successful Vaccine Program Petitioner, Mr. Howard is entitled to a fees and costs award. I have previously found that Petitioner's counsel is entitled to forum rates. *See Rivera v. Sec'y of Health & Human Servs.*, No. 15-487V, 2017 WL 2460690, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 20, 2017). The rates I awarded Mr. Mark Krueger and Mr. Andrew Krueger in *Rivera* are the same as requested here, and I will likewise award them. *Id*. In addition, the hours expended on this matter appear to be reasonable. Finally, the requested litigation costs appear to be reasonable, and will also be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$12,840.61** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Andrew M. Krueger, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.